UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
:
SHYNISHA WINKFIELD,                                              :
:
                        Plaintiff,                       :      12 Civ. 7424 (JMF)
:
          -v-                                                    :      MEMORANDUM OPINION
:      AND ORDER
KIRSCHENBAUM & PHILLIPS, P.C.,                       :
:
                        Defendant.                      :
:
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

       On December 21, 2012, Lemberg & Associates, LLC ("Lemberg"), counsel to Plaintiff Winkfield, filed a motion to Withdraw as Counsel and Assert a Lien on The File. (Docket No. 8). In its Declaration in Support of its Motion, Lemberg explained that the attorney-client relationship between Lemberg and Plaintiff had become unworkable and that Plaintiff was terminating the relationship and planned to seek new counsel. (Docket No. 9 ("Lemberg Decl.")). By Order dated January 3, 2013, the Court directed that if Plaintiff wished to file an opposition to Lemberg's Motion, she must do so no later than January 18, 2013. (Docket No. 12). Plaintiff did not file any opposition. For the reasons discussed below, Lemberg's Motion to Withdraw is GRANTED, and its Motion to Assert a Lien on the File is GRANTED, subject to certain modifications.

## DISCUSSION

### A. Motion to Withdraw

       Rule 1.4 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York governs the withdrawal of counsel. Rule 1.4 provides:

> An attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the Court and may not withdraw from a case without leave of the Court granted by order. Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar, and whether or not the attorney is asserting a retaining or charging lien.

Rule 1.4. Thus, when considering whether to grant a motion to withdraw under Rule 1.4, courts must analyze two factors: the reasons for withdrawal and the impact of the withdrawal on the timing of the proceeding. The Court must consider "the posture of the case," and whether "the prosecution of the suit is [likely to be] disrupted by the withdrawal of counsel." *Whiting v. Lacara*, 187 F.3d 317, 320-21 (2d Cir. 1999) (alteration in original) (internal quotation marks omitted). "The Court may also examine likely prejudice to the client, whether the motion is opposed, and whether the unpaid representation has become a severe financial hardship to the firm." *Stair v. Calhoun*, 722 F. Supp. 2d 258, 265 (E.D.N.Y. 2010). Where discovery has not yet closed and the case is not "on the verge of trial readiness," prejudice is unlikely to be found. *Blue Angel Films, Ltd. v. First Look Studios, Inc.*, No. 08 Civ. 6469 (DAB) (JCF), 2011 WL 672245, at *2 (S.D.N.Y. Feb. 17, 2011) (quoting *Malarkey v. Texaco, Inc.*, No. 81 Civ. 5224 (CSH), 1989 WL 88709, at *2 (S.D.N.Y. July 31, 1989)).

Here, counsel has demonstrated by affidavit that there are irreconcilable differences between his firm and Plaintiff, and that they have different views of the merits of the case and the potential recovery. (Lemberg Decl. ¶ 10). This satisfies Rule 1.4's requirement of "satisfactory reasons" for withdrawal. *See United States v. Up to $6,100,000 on Deposit*, No. 07 Civ. 4430 (RJS), 2009 WL 1809992, at *5 (S.D.N.Y. June 24, 2009) ("Withdrawal is also appropriate when irreconcilable differences exist between client and counsel."). Further, withdrawal at this juncture will not substantially disrupt this litigation as discovery is in the early stages and the parties have not yet appeared for their initial pretrial conference with the Court.

Sufficient reason having been demonstrated for Lemberg to withdraw as counsel to Plaintiff, it is therefore ORDERED that Lemberg's Motion to Withdraw is GRANTED.

### B. Motion to Assert a Lien on the File

Lemberg also moves to assert a charging lien for work performed and costs incurred in prosecuting Plaintiff's case, in the amount of $2,115.00 in attorney's fees and $441.85 in costs. (Lemberg Decl. ¶ 31). New York Judiciary Law Section 475 "governs attorney's charging liens in federal courts sitting in New York." *Itar-Tass Russian News Agency v. Kurier, Inc.*, 140 F.3d 442, 448 (2d Cir. 1998) (citing cases). Section 475 provides, in relevant part:

> From the commencement of an action, . . . the attorney who appears for a party has a lien upon his client's cause of action, claim or counterclaim, which attaches to a verdict, report, determination, decision, judgment or final order in his client's favor. . . . The court upon the petition of the client or attorney may determine and enforce the lien.

N.Y. Judiciary Law § 475. To establish a charging lien under Section 475, "there must be asserted a claim which can eventuate in there being proceeds payable to, or assets recoverable by, the client as a result of the efforts of the attorney." *Stair*, 722 F. Supp. 2d at 267 (quoting *Rosewood Apartments Corp. v. Perpignano*, No. 99 Civ. 4226 (NRB), 2005 WL 1084396, at *3 (S.D.N.Y. May 5, 2005) (internal quotation marks omitted)). Attorneys who terminate their representation are still entitled to enforce a lien, as long as the attorney does not withdraw without "good cause" and is not discharged for "good cause." *Id.*; *see also Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 147 (2d Cir. 1998) ("Under New York law, an attorney dismissed without cause is entitled to liens in his favor to secure payment of reasonable fees and costs incurred prior to the date of substitution of counsel.").

The charging lien should be fixed at the "the fair and reasonable value of the services rendered, determined at the time of the discharge and computed on the basis of *quantum meruit*."

*Stair*, 722 F. Supp. 2d at 268. Specifically, in assessing the amount of a charging lien on a *quantum meruit* basis, a court should consider: (1) "the difficulty of the matter"; (2) "the nature and extent of the services rendered"; (3) "the time reasonably expended on those services"; (4) "the quality of performance by counsel"; (5) "the qualifications of counsel"; (6) "the amount at issue"; and (7) "the results obtained (to the extent known)." *Sequa Corp.*, 156 F.3d at 148; *see also Antonmarchi v. Consol. Edison Co.*, 678 F. Supp. 2d 235, 242 (S.D.N.Y. 2010). After considering the factors relevant to a *quantum meruit* fee analysis, it is appropriate for the court to "turn[ ] to lodestar analysis to reach a specific dollar figure for the value of the services rendered." *Sequa Corp.*, 156 F.3d at 148. "[T]he determination of the reasonable value of the attorney's services 'is a matter within the sound discretion of the trial court,'" *id.* at 149 (citation omitted), and the Second Circuit has instructed that "[a] charging lien, although originating at common law, is equitable in nature, and the overriding criterion for determining the amount of a charging lien is that it be 'fair,'" *Sutton v. N.Y. City Transit Auth.*, 462 F.3d 157, 161 (2d Cir. 2006) (internal citations omitted).

After careful review of the record and the billing invoices Lemberg submitted for review (Docket No. 9-1), the Court finds that Lemberg is entitled to a lien for the reasonable value of the services it has rendered on Plaintiff's behalf, subject to several deductions. *See, e.g.*, *Quinones v. Police Dep't of City of N.Y.*, No. 10 Civ. 6195 (JGK) (JLC), 2012 WL 2148171, at *7 (S.D.N.Y. Apr. 12, 2012) ("In this case, the Court permitted Borzouye to withdraw upon a finding that there were irreconcilable differences between attorney and client. This constitutes 'good cause,' and accordingly Borzouye is not precluded from enforcing a charging lien under Section 475 by virtue of his withdrawal."). First, because Section 475 explicitly states that an attorney has a lien against her client's cause of action upon commencement of the action, the "lien should be fixed

4

to account for services rendered beginning at the time of the action's commencement and not at the time that the firm was retained." *Stair*, 722 F. Supp. 2d at 270; *see also* N.Y. Judiciary Law § 745. As a result, Lemberg is not entitled to a lien for the $815 in fees for services performed prior to October 3, 2012, the date on which the case was filed. *See, e.g.*, *Melnick v. Press*, No. 06-CV-6686 (JFB) (ARL), 2009 WL 2824586, at *6 (E.D.N.Y. Aug. 28, 2009).

Second, the hourly rates sought by Lemberg are inconsistent with rates approved in this district for Fair Debt Collection Practices Act (FDCPA) litigation. *See Simmons v. N.Y.C. Transit Auth.*, 575 F.3d 170, 174 (2d Cir. 2009) ("To determine a reasonable hourly rate, the court looks to hourly rates commonly employed in district in which the court sits."). As one court recently noted, "[c]ourts in this district generally approve fees of $200-$325 per hour in FDCPA cases and reject fee requests over that amount." *O'Toole v. Allied Interstate, LLC*, No. 12 Civ. 4942 (WHP), 2012 WL 6197086, at *1 (S.D.N.Y. Dec. 12, 2012); *see also, e.g.*, *Woods v. Sieger, Ross & Aquire, LLC*, No. 11 Civ. 5698 (JFK), 2012 WL 1811628 at *5 (S.D.N.Y. May 18, 2012) (awarding $200 per hour to 2004 law school graduate in FDCPA case); *Dunn v. Advanced Credit Recovery Inc.*, No. 11 Civ. 4023 (PAE) (JLC), 2012 WL 676350, at *6 (S.D.N.Y. Mar. 1, 2012) (awarding $300 per hour in FDCPA case to two attorneys licensed for fifteen and twenty five years, respectively), *adopted by*, 2012 WL 1114335 (S.D.N.Y. Apr. 3, 2012); *Leyse v. Corporate Collection Servs., Inc.*, 545 F. Supp. 2d 334, 336 (S.D.N.Y.) ("[C]onsidering rates set by the Court for attorneys with experience in FDCPA cases, the Court finds that [$225 per hour] is reasonable [for attorney with ten years of consumer protection experience]."), *adopted by*, 557 F. Supp. 2d 442 (S.D.N.Y. 2008); *Kapoor v. Rosenthal*, 269 F. Supp. 2d 408, 415 (S.D.N.Y. 2003) (awarding $225 per hour in FDCPA case to two attorneys with ten years experience).

Accordingly, the Court reduces Lemberg's fees to the following hourly rates: $300 per hour for services rendered by Lemberg and $150 per hour for services rendered by Hirnyk. The Court approves the $75 per hour rate requested for services rendered by paralegal Reyes. *See Ryan v. Allied Interstate, Inc.*, Nos. 12 Civ. 0526 (AJP), 12 Civ. 1719 (AJP), 2012 WL 3217853, at *6 (S.D.N.Y. Aug. 9, 2012) (approving similar rates in FDCPA case).

Finally, Lemberg claims that the firm's records demonstrate that it has spent $350 dollars in court costs, $75 in process service costs, and $16.85 in courier mail costs relating to prosecution of this case. (Lemberg Decl. ¶ 30). In order for a court to award reimbursement, costs must be substantiated. *See, e.g., Cover v. Potter*, No. 05 Civ. 7039 (GAY), 2008 WL 4093043, at *8 (S.D.N.Y. Aug. 29, 2009); *James v. Nat'l R.R. Passenger Corp.*, No. 02 Civ. 3915 (RJH), 2005 WL 6182322, at *20 (S.D.N.Y. Mar. 30, 2005) ("Plaintiffs seeking to recover costs must submit bills or receipts for claimed expenses . . . ."). Here, Lemberg has not provided any information or supporting documentation to the Court as to the costs it incurred. Accordingly, Lemberg is directed to submit these supporting materials to the Court no later than February 6, 2013, in order for the Court to properly evaluate its request.

## CONCLUSION

For the reasons set forth above, Lemberg's motion to withdraw and assert a lien on the file is GRANTED, subject to the modifications mentioned above. (Docket No. 8). No later than **February 6, 2013**, Lemberg shall submit to the Orders and Judgments Clerk of the Court, and copy Plaintiff, a proposed judgment consistent with this Order, and shall also submit to the Court any documentary material with which it wishes to support its request for costs.

Plaintiff shall have three (3) weeks from the date of this Order to obtain substitute counsel; Plaintiff's substitute counsel shall register as a filing user on ECF promptly upon being retained. If Plaintiff does not retail substitute counsel, the Court will deem Plaintiff as a *pro se* litigant. If Plaintiff chooses to represent herself *pro se* (without an attorney), she is directed to contact the *Pro Se* Office for this district at 500 Pearl Street, Room 230, New York, New York 10007, telephone number (212) 805-0175, for any procedural assistance she may require in litigating this case.

Further, in light of the circumstances, the initial pretrial conference scheduled for January 31, 2013, is rescheduled for **March 7, 2013,** at **4:15 p.m.** in **Courtroom 1105** of the Thurgood Marshall Courthouse, 40 Centre Street, New York, NY 10007. All pretrial conferences must be attended by the attorney who will serve as principal trial counsel. Any party that is proceeding in this case *pro se* is required to appear personally at this conference. The parties shall submit a revised proposed Case Management Plan and Scheduling Order, using the form on the Court's website, and a joint status letter by the **Thursday prior to the conference**.

Finally, Lemberg is directed to serve a copy of this Order upon Plaintiff and shall file proof of such service with the Court. Lemberg is also directed to promptly notify Plaintiff of the adjournment of the initial pretrial conference.

SO ORDERED.

Dated: January 29, 2013
       New York, New York

                                        JESSE M. FURMAN
                                        United States District Judge